IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HONSON LUMA | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-20-2504 |
| DIB FUNDING INC., and SUNSHINE CAPITAL, INC., | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

The self-represented plaintiff, Honson Luma, filed a "Complaint and Appeal from the Trademark Trial and Appeal Board" on August 31, 2020. ECF 1. He names two corporate defendants, Dib Funding Inc. ("Dib") and Sunshine Capital, Inc. ("Sunshine"). *Id.*

On December 7, 2020, I directed plaintiff to show cause within 21 days why this case should not be dismissed for failure to effectuate service on defendants within 90 days of filing the Complaint, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a. ECF 5. Plaintiff responded to that Order on December 28, 2020. ECF 7. He also filed a "Motion For Ex Parte Order For Substitute Service of Process." ECF 6 (the "Motion"). In support of his Motion, plaintiff submitted several exhibits.

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I shall deny the Motion, without prejudice to the right to renew it.

### I.   Background

Luma explains his efforts to effectuate service on defendants. On September 15, 2020, plaintiff mailed a "Notice of a Lawsuit and Request to Waive Service of Summons" to Adam Petty, President of both Dib and Sunshine, at 11565 Edgerton Avenue, Rockford, MI 49341. ECF 6 at

1. The envelope was sent to Petty via the U.S. Postal Service, certified mail, and contained two copies of the waiver form for each defendant, two prepaid envelopes, and four copies of the Complaint and Appeal, two for each defendant.  ECF 6-1.

Plaintiff asserts that Petty received the mailing on October 2, 2020, as evidenced by a signature that reads "Adam Petty" on the mail tracking delivery report plaintiff received.  ECF 6-1 at 6. However, no waiver of service forms were returned to plaintiff.  ECF 6 at 1.

By searching the internet and public records, plaintiff filed a request under the Michigan Public Information Act on March 24, 2020, and learned that the Michigan State Attorney General had mailed a Notice of Intended Action to Petty at 11565 Edgerton Avenue, as resident agent for Frequency Apps Corp. and Biores Technologies, Inc. ECF 6 at 2; ECF 6-4 at 13-16.  In response, corporate counsel responded to the Attorney General on behalf of Frequency Apps Corp. and Biores Technologies, Inc., indicating that he would be accepting service for his clients if the matter were to proceed. ECF 6 at 2; ECF 6-4 at 13-16.  Plaintiff also searched the Michigan Department of Licensing and Regulatory Affairs Corporations Online Filing system, where he discovered that Adam Petty is listed as president of the defendant corporations, and is the principal or resident agent for seven other corporations that also use the address of 11565 Edgerton Avenue.  ECF 6-5.

In addition, plaintiff secured the services of R. J. Burris Investigation to locate and serve defendants. On October 8, 2020, Burris attempted to locate Petty in order to serve him at 11565 Edgerton Avenue, where he found a "rundown small strip mall" where no one had heard of Petty. *See* ECF 6-3, Affidavit of Robert J. Burris.

On October 10, 2020, Burris attempted to locate Petty at 188 Cherry NE, Cedar Springs, Michigan and 6645 Riga Drive, Rockford, Michigan. *Id.*[1] At 188 Cherry NE, a female who said she had lived there for five years told Burris that Petty did not live there and that she did not know him. *Id.* At 5545 Riga Drive, Burris was informed by the current resident that Petty had moved out five years earlier and that subsequent to his departure three process servers had tried to find Petty. *Id.*

Based on plaintiff's representations, which are not made under oath, plaintiff requests permission to effectuate service of process on defendants by mailing "papers" to Adam Petty, 11565 Edgerton Avenue, Rockford, MI 49341, posting copies of the papers on the door of 11565 Edgerton Avenue, and publishing the relevant information in a newspaper in defendants' locality. ECF 6 at 4. Plaintiff asserts: "Due process requirements will be met because the president of the Defendant Corporations is principal in multiple businesses in the area and has established a sizable presence and footprint in the area." ECF 6 at 4.

## II. Discussion

A plaintiff must show that the proposed alternative method of service meets the constitutional standards for due process. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Rule 4(e)(1) of the Federal Rules of Civil Procedure provides: "Unless federal law provides otherwise, an individual . . . may be served in a judicial

---

[1] Although not explicitly stated, it seems plaintiff or Burris obtained these addresses by reference to public records or the internet.

district of the United States by (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Michigan Court Rule 2.105 covers service of process and, for corporations, lists several ways to obtain service. Michigan Court Rule 2.105(D) provides that service on a domestic or foreign corporation may be made by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
>
>> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>>
>> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>>
>> (c) the corporation's term of existence has expired.

Michigan Court Rule 2.105(I) states:

> (1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.
>
> (2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts

to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

(3) Service of process may not be made under this subrule before entry of the court's order permitting it.

Although plaintiff has made multiple efforts to locate and serve defendants, without success, it is still possible that he may be able to obtain service pursuant to Michigan Court Rule 2.105(D)(4) by sending summons and complaint by registered mail to Petty for the corporate defendants and to the Michigan Bureau of Commercial Services, Corporation Division. Plaintiff has not shown that, despite his diligent efforts, he is unable to serve the corporate defendants. If plaintiff shows that the facts do not allow for service in this manner or that the effort otherwise proves unsuccessful, he is reminded that a renewed request for substitute service must be accompanied by a verified (under oath) motion. Michigan Court Rule 2.105(l)(2).

The Motion will be denied, without prejudice.

An Order follows.

Date:   January 7, 2021                                         /s/
                                                        Ellen L. Hollander
                                                        United States District Judge

5