IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HONSON LUMA | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-20-2504 |
| DIB FUNDING INC., and SUNSHINE CAPITAL, INC., | * | |
| | * | |
| Defendants | | |

\*\*\*

**<u>MEMORANDUM</u>**

Pending is self-represented plaintiff Honson Luma's "Verified Renewed Motion for Substitute Service" to obtain service on defendants by publication. ECF 10. The Motion will be granted.

**I.  Background**

On August 31, 2020, plaintiff filed a "Complaint and Appeal from the Trademark Trial and Appeal Board" against Dib Funding Inc. ("Dib") and Sunshine Capital, Inc. ("Sunshine"). ECF 1. Thereafter, by Order of December 7, 2020, I directed plaintiff to show cause why this case should not be dismissed for failure to effectuate service on defendants within 90 days of filing the Complaint, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.a. ECF 5. Plaintiff responded to the Order and filed a "Motion for an Ex Parte Order for Substitute Service of Process," requesting service by alternate methods, such as posting or publication. ECF 6; ECF 7.

In a Memorandum (ECF 8) and Order (ECF 9) of January 7, 2021, I denied the "Motion for an Ex Parte Order for Substitute Service of Process," without prejudice to renewal. Although

plaintiff demonstrated his efforts to locate and serve defendants, without success, it was still possible to obtain service pursuant to Michigan Court Rule 2.105(D)(4).[1]

Specifically, plaintiff described his efforts to obtain service as follows. On September 15, 2020, he mailed a Notice of a Lawsuit and Request to Waive Service of Summons to Adam Petty, President of both Dib and Sunshine, at 11565 Edgerton Avenue, Rockford, MI 49341. ECF 6 at 1. The envelope was sent to Petty via U.S. Postal Service first class, certified mail, and contained two copies of the waiver form for each defendant, two prepaid envelopes, and four copies of the Complaint and Appeal, two for each defendant. *Id.* Plaintiff asserted that Petty received the mailing on October 2, 2020, as evidenced by a signature that reads "Adam Petty" on the mail tracking delivery report that plaintiff received. ECF 6-1 at 5-6. However, the waiver of service forms were not returned to plaintiff. ECF 6 at 1.

Plaintiff learned, pursuant to his request under the Michigan Public Information Act, that on March 24, 2020, the Michigan State Attorney General had mailed a Notice of Intended Action to Petty at 11565 Edgerton Avenue, as resident agent for Frequency Apps Corp. and Biores Technologies, Inc. ECF 6 at 2; ECF 6-4 at 13-16. Corporate counsel responded to the Attorney

---

[1] Michigan Court Rule 2.105 covers service of process and, for corporations, lists several ways to obtain service. Michigan Court Rule 2.105(D) provides that service on a domestic or foreign corporation may be made by serving summons and a copy of the complaint on: (1) an officer or the resident agent; (2) a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation; (3) on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired; or (4) by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law; (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or (c) the corporation's term of existence has expired.

General on behalf of Frequency Apps Corp. and Biores Technologies, Inc., indicating that he would be accepting service for his clients if the matter were to proceed. ECF 6 at 2; ECF 6-4 at 13-16.

Plaintiff also searched the Michigan Department of Licensing and Regulatory Affairs Corporations Online Filing system, where he discovered that Adam Petty is listed as president of the defendant corporations, and principal or resident agent for seven other corporations that use the address 11565 Edgerton Avenue. ECF 6-5.

Additionally, plaintiff hired R. J. Burris Investigation to locate and serve defendants. On October 8, 2020, Burris attempted to locate Petty in order to serve him at 11565 Edgerton Avenue, where he found a "rundown small strip mall" where no one knew or had heard of Petty. Affidavit of Robert J. Burris. ECF 6-3. On October 10, 2020, Burris attempted to locate Petty at 188 Cherry NE, Cedar Springs, Michigan and 6645 Riga Drive, Rockford, Michigan. *Id*. A female who said she had lived at 188 Cherry NE for five years informed Burris that Petty did not live there and that she did not know him. *Id.* Burris was informed by the current resident at 5545 Riga Drive, that Petty had moved out five years earlier and that, subsequent to his departure, three process servers had tried to find Petty. *Id.*

On February 25, 2021, plaintiff filed a "Verified Renewed Motion for Ex Parte Order for Substitute Service of Process," pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and Michigan Court Rule 2.105(I) (Service of Process) and 2.106 (Notice by Posting or Publication). ECF 10 (the "Motion"). It is supported by several exhibits. For the reasons that follow, I shall grant the Motion.

## II. Discussion

A plaintiff must show that the proposed alternative method of service meets the constitutional standards for due process. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted) A "fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Michigan Court Rule 2.105(l), provides:

(1) On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

(2) A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. A motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

(3) Service of process may not be made under this subrule before entry of the court's order permitting it.

Michigan Court Rule 2.106(D) Publication of Order; Mailing, provides:

If the court orders notice by publication, the defendant shall be notified of the action by

> (1) publishing a copy of the order once each week for 3 consecutive weeks, or for such further time as the court may require, in a newspaper in the county where the defendant resides, if known, and if not, in the county where the action is pending; and
>
> (2) sending a copy of the order to the defendant at his or her last known address by registered mail, return receipt requested, before the date of the last publication. If the plaintiff does not know the present or last known address of the defendant, and cannot ascertain it after diligent inquiry, mailing a copy of the order is not required. The moving party is responsible for arranging for the mailing and proof of mailing.

In his verified motion, plaintiff states that on January 13, 2021, he mailed summons and a copy of the Complaint to the Michigan Bureau of Commercial Services, Corporation Division pursuant to Michigan Rule 1.105(D)(4). ECF 10 at 2; ECF 10-2. The summons and Complaint sent by registered mail to Adam Petty at 11565 Edgerton Avenue, Rockford, MI 49341 were returned undelivered and unclaimed. ECF 10 at 2; ECF 10-3. Plaintiff states that "Petty has a record of picking up mail sent to the 11565 Edgerton address," and has "deliberately evaded service of process by not picking up" the registered mail sent to this address. ECF 10 at 2.

Plaintiff asserts that due process will be met by publication using Mlive Media Group, the largest news outlet in Michigan which "routinely publishes legal notices" in its newspapers in the Rockford, Michigan area where the defendant corporations are located. *Id*. at 2-3.

Plaintiff's diligent efforts to serve the defendant corporations in the manner prescribed under Michigan state law have proved unavailing. Accordingly, I find that it is appropriate to grant the "Verified Renewed Motion for Substitute Service." Plaintiff may notify defendants of this lawsuit by publication in accordance with Michigan state law and as contemplated in his Motion.

An Order follows.

March 2, 2021                        /s/
Date                                    Ellen L. Hollander
                                         United States District Judge