IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

HONSON LUMA,                                    )
                                                )
          *Plaintiff*,                          )
                                                )
     v.                                         )    1:24-cv-863 (PTG/WBP)
                                                )
DIB FUNDING INC, & SUNSHINE CAPITAL,            )
     INC, *et al.*,                             )
                                                )
          *Defendants*.                         )

## ORDER

This matter comes before the Court on the January 17, 2025 Report and Recommendations ("R&R") from Magistrate Judge William B. Porter regarding Plaintiff's Second Renewed Motion for Default Judgment against Defendants DIB Funding Inc. ("DIB Funding") and Sunshine Capital, Inc. ("Sunshine Capital") (collectively, "Defendants"). Dkt. 62. Judge Porter recommended that the Court deny Plaintiff's Second Renewed Motion for Default Judgment (Dkt. 62) and affirm the Trademark Trial Appeal Board's July 2, 2020 decision to cancel Plaintiff's DIBCOIN mark registration. Dkt. 70 at 16.

On January 30, 2025, Plaintiff, proceeding *pro se*, filed an "Objection to Proposed Findings of Fact and Recommendations and Notice of Withdrawal of Plaintiff's Request for Declaratory Relief." Dkt. 72. In his Objection, Plaintiff indicates that he "releases Sunshine Capital Inc." from this case and "withdraws [his] request for Declaratory Relief" against both Sunshine Capital Inc. and DIB Funding. *Id.* at 1–2. The crux of Plaintiff's Objection argues that the Court should find that it has personal jurisdiction over DIB Funding. *Id.* at 2–3. Plaintiff claims to be recounting the "findings" of Magistrate Judge Porter's R&R in his Objection. *Id.* at 2–3. However, the language Plaintiff quotes in his Objection is found in the United States District Court for the

District of Maryland's Report and Recommendation. Dkt. 53 at 12–13. There, the Magistrate Judge found that the District of Maryland did not have personal jurisdiction over Defendants and recommended this matter be transferred. *Id.* at 18. The District of Maryland adopted that Report and Recommendation (Dkt. 55) and this matter was eventually transferred to this Court (Dkts. 60– 61). In the R&R currently before this Court, Judge Porter found that this Court has personal jurisdiction over DIB Funding.[1] Dkt. 70 at 7. Accordingly, because Plaintiff's Objection is not related to Judge Porter's R&R the Court hereby **OVERRULES** Plaintiff's Objection (Dkt. 72).

After reviewing the record and Judge Porter's Recommendation, and finding good cause, the Court hereby **APPROVES** and **ADOPTS** the findings Judge Porter set forth in the R&R (Dkt. 70). Accordingly, it is hereby

**ORDERED** that Plaintiff's Second Renewed Motion for Default Judgment is **DENIED**; it is further

**ORDERED** that the Trademark Trial and Appeal Board's July 2, 2020 decision cancelling Plaintiff's DIBCOIN mark registration is **AFFIRMED**; it is further

**ORDERED** that this civil action is **DISMISSED**.

Entered this _____ day of April, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

---

[1] Judge Porter found that this Court does not have personal jurisdiction over Sunshine Capital. Dkt. 70 at 8. However, because Plaintiff has withdrawn his claims against Sunshine Capital, Dkt. 72 at 1–2, the Court finds it need not adopt Judge Porter's R&R as it relates to whether this Court has personal jurisdiction over Sunshine Capital.